FILED

NOT FOR PUBLICATION

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR BECERRA; JULIAN
ABRAHAM,

          Plaintiffs - Appellants,

  v.

ENTERPRISE RENT-A-CAR
COMPANY OF LOS ANGELES,

          Defendant - Appellee.

No. 11-56840

D.C. No. 3:07-cv-01606-JAH-
POR

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.[**]

Appellants, Oscar Becerra and Julian Abraham, appeal the dismissal of their

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Sidney H. Stein, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

complaint pursuant to Rule 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The viability of Becerra's and Abraham's case depends entirely on whether or not Mexican law prohibits Mexican nationals from driving an American rental car into Mexico. Although the district court gave them four opportunities--in the form of amended complaints--adequately to allege and to demonstrate the viability of this necessary legal proposition, they failed to do so. As such, Appellants' causes of action that are dependent upon the foreign law violation fail to state a claim that crosses "the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (internal quotation marks omitted).

Appellants also fail to state a claim regarding the insurance policy. Assuming arguendo that Enterprise was Appellants' insurance agent, Enterprise was not negligent for failing to procure insurance for Appellants that would cover legal issues in Mexico based upon Appellants' request for insurance that would "cover everything in Mexico." See Jones v. Grewe, 234 Cal. Rptr. 717, 721 (Cal. Ct. App. 1987). Enterprise did not conceal or misrepresent the terms of the policy, which were written in both Spanish and English. Finally, Enterprise did not take any action that frustrated Appellants' rights under the policy.

AFFIRMED.

2